## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**RICARDO BROWN,**

     *Plaintiff,*

     v.

**CLARITY SERVICES, INC.,**

     *Defendant.*

Case Number:

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Ricardo Brown ("**Mr. Brown**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("**Clarity**"), stating as follows:

## PRELIMINARY STATEMENT

1.    This is an action brought by Mr. Brown against Clarity for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2.    Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3.    Clarity is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and § 48.193, Fla. Stat.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and / or caused by Clarity within Hillsborough County, Florida, which is in the Middle District of Florida.

## PARTIES

### Mr. Brown

5. **Mr. Brown** is a natural person residing in Tampa, Hillsborough County, Florida.

6. Mr. Brown is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7. **Clarity** is a Delaware corporation with a principal business address of 475 Anton Blvd., Costa Mesa, CA 92626.

8. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324**.

9. Clarity is a nationwide *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third

parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail, internet, and/or telephone communications.

## FACTUAL ALLEGATIONS

### Clarity Produces Clearly Erroneous Report on Plaintiff

10.     In or prior to December 2021, Clarity began maintaining a credit file on Mr. Brown. *See* **PLAINTIFF'S EXHIBIT A.**

11.     In or around January 24, 2023, Clarity incorporated credit information belonging to Bill Ricks, an unrelated individual who lives in Washington state, into its credit file regarding Mr. Brown. *Id.*

12.     Clarity also incorporated a date of birth of 1972, a Washington-state driver's license number, an address in Poulsbo, Washington, a Washington state cell phone number, an email address of bill.ricks@XXXXXX.com, this he worked for Melton Realty in Washington state, and that his occupation was "teacher" and that he banked at EP Federal Credit Union and maintained a checking account there. *Id.*

13.     Thereafter, Clarity's credit file on Mr. Brown stated his name was Bill Ricks, and that he was also known as Ricardo Brown. *Id.*

14.     Mr. Brown has never used nor applied for credit using the name "Bill Ricks," and never claimed to have lived in Washington state.

15.     On information and belief, Clarity's file on Mr. Brown is an example of a *mixed file*.

16.     A *mixed file* is a credit file that contains information concerning two or more persons rather than the one person about whom it should relate.

17.     The *mixed file* resulted from Clarity's reckless and improper methods by which it connects data reported to it by various furnishers and incorporates that data into its files.

18.     In an aggressive attempt to match every record reported, Clarity's automated system often erroneously match information to a consumer's credit file with minimal commonalities.

19.     Indeed, Clarity often matches data with the information in its files based on a single data point, such as the same year of birth, instead of utilizing all of the information provided to it.

20.     Mr. Brown and Bill Ricks share only a portion of a single data point, the month in which they are born, December.

21.     These erroneous matches occur even when the data from Clarity's furnishers of information contains substantially different identifying information from that of the actual consumer.

22.     Clarity knows that its automated systems erroneously match tradeline information to incorrect consumers' credit files with minimal commonalities.

23.     Despite such knowledge, Clarity has declined to correct its systems.

### Clarity's File on the Plaintiff Includes Additional Inaccuracies

24.     In addition to the information highlighted above, Clarity's credit file on Mr. Brown includes a false date of birth. *See* **PLAINTIFF'S EXHIBIT A.**

25.     Mr. Brown was born in 1974; however, Mr. Brown's disclosure shows Clarity is also reporting a date in 1972. *Id.*

26.     On information and belief, Bill Rick's birth date is the birth date falsely reported by Clarity as belonging to Mr. Brown.

27.     Additionally, an email address of bill.ricks@XXXXXXX.com was included in Mr. Brown's Clarity report, which almost certainly belongs to Bill Ricks *Id.*

28.     Clarity also listed Mr. Brown's employment as being at Melton Realty, that his occupation was "teacher," and that he maintained a checking account at EP Federal Credit Union in Washington, D.C.

29.     Clarity also listed Mr. Brown's housing status as "True," reported on December 9, 2021, without any indication as to what a housing status of "true" means.[1] *Id.*

30.     Clarity, as a CRA, has a legal obligation to use reasonable procedures to assure the maximum possible accuracy of its consumer reports. 15 U.S.C. § 1681e(b).

31.     Despite its obligation, Clarity has sold 20 consumer reports to Mr. Brown's creditors since it first "mixed" Plaintiff's file. *See* **PLAINTIFF'S EXHIBIT A.**

32.      On information and belief, each of these 20 consumers reports contained the information belonging to Bill Ricks identified herein.

33.     Upon learning that Clarity now believes he is also known by an unrelated stranger's name, which is clearly not his, Mr. Brown became very concerned, as Clarity's reports concerning him contain egregiously wrong information.

34.     One of the products Clarity sells to lenders is called *Clear Digital Identity*™, which it describes as a service that "cross-references application information, phone and email details, and exclusive Clarity data to authenticate

---

[1] Clarity also discloses a housing status of "rent," also reported on December 9, 2021, approximately 20 minutes before the status of "true" was reported.

consumer identities and detect application fraud . . . . Comparing a consumer's personal information against phone, email and Clarity data helps to validate the legitimacy of an applicant's information and gives lenders a much greater assurance that applicants are who they claim to be. A failure to authenticate some of the data points can indicate fraud." *See* Clarity Services, Inc., https://www.clarityservices.com/solutions/fraud/clear-digital-identity/ (last visited December 4, 2023).

35.     Upon information and belief, the presence of the name "Bill Ricks" combined with what is presumably Bill Rick's personal information being incorporated into Mr. Brown's file, resulted in Mr. Brown's credit applications being falsely flagged as potentially fraudulent.

36.     Mr. Brown's Clarity Credit Score was 911 as of January 8, 2024, with the range of possible scores being 516 to 951. *See* **PLAINTIFF'S EXHIBIT B.**

37.     An adverse factor listed by Clarity for Mr. Brown's score was the number of changes in application information. *Id.*

38.     Thus, the fact that Clarity's scoring algorithms saw too many changes to application information – *e.g.*, a different name, date of birth, contact information, etc. – lowered his Clarity Credit Score.

39.     As a result of Clarity's erroneous association of information unrelated to Mr. Brown in his consumer report, his credit score has been negatively impacted.

40.     As evidenced by the glaring errors in its reports, Clarity failed to use reasonable procedures in producing the consumer reports regarding Mr. Brown which it sold to many creditors, and potential creditors, as any reasonable procedure would have determined that information about an unrelated individual was mixed with Mr. Brown's data.

41.     Clarity could reasonably foresee that selling reports which contained data belonging to an unrelated individual would cause significant harm to Mr. Brown.

42.     Similarly, Clarity could reasonably foresee that producing credit reports which contain information about another person – especially a person so obviously not the subject of the credit report – would likely cause harm to the consumer for whom the report was created and for others (*e.g.*, Ashley Ceccarelli) whose information was thereby improperly disclosed.

43.     On or about January 24, 2023, seven different online, small-dollar, short-term "payday lenders" requested a report about Bill Ricks: Explore Credit, Today Cash, River Valley Loans, Eagle Valley, Buffalo Lake, ZocaLoans, and WithU Loans ("Tribal Lenders")

44.     All seven of the Tribal Lenders clearly stated whom it was asking for a report on, providing Bill Rick's name, date of birth, and Social Security number.

45.     In response, Clarity supplied all seven Tribal Lenders with a report with *Mr. Brown's* personal and private information, despite Mr. Brown having nothing to do with an application for a payday loan for an unrelated individual living over 2,000 miles away.

46.     Clarity had no reasonable basis to believe any of the seven Tribal lenders had asked for a report about Plaintiff or that any other permissible purpose to sell Plaintiff's report to these lenders existed, despite a requirement under § 1681b(a)(3) to provide reports only in the event permissible purpose to furnish the report exists.

47.     As a result, at least seven online lenders now have confidential, private information about Mr. Brown he did not authorize them to obtain.

48.     Clarity's provisioning of credit reports to lenders who ask for a report on a clearly-unrelated individual is not unusual and is indicative of fundamentally flawed systems.

49.     Clarity frequently sells reports about consumers to online lenders who requested reports on unrelated individuals and has been sued many times in the past for these actions. See, e.g., *Alexander Gil vs. Clarity Services, Inc.*, case 8:23-cv-00845, M.D. Fla., April 18, 2023 (sale of report of a Florida consumer to online

lender requesting report of unrelated Nevada resident); *Donna Ford vs. Clarity Services, Inc.*, case number 4:22-cv-00301-MW-MAF, N.D. Fla., July 2022 (sale of report of a Florida consumer to online lender requesting report of unrelated male Oregon resident as well as an unrelated male Florida resident).

50.     Mr. Brown has also suffered severe emotional distress and has spent time and money to correct his file and force Clarity to comply with its statutory obligations, and in procuring counsel.

51.     Mr. Brown has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to the firm.

## COUNT I
## DEFENDANT'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

52.     Mr. Brown adopts and incorporates paragraphs 1 - 51 as if fully stated herein.

53.     Clarity willfully violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Mr. Brown, as reasonable procedures would not have resulted in Clarity's inclusion of information concerning another individual into Mr. Brown's reports, or the inclusion of other false information, including a false date of birth, occupation, employer, bank account, and more.

54.     Clarity's conduct was willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

55.     Clarity's policies could reasonably be foreseen to cause harm to Mr. Brown.

56.     Clarity is thus liable to Mr. Brown, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Brown's actual damages or statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Brown respectfully requests this Honorable Court enter judgment in his favor, and against Clarity, for:

a.     The greater of Mr. Brown's actual damages or statutory damages of **$1,000 per violation**, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3);

c.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and,

d.     Such other relief that this Court deems just and proper.

## COUNT II
## DEFENDANT'S NEGELIGENT VIOLATIONS OF THE FCRA,
## 15 U.S.C. § 1681e(b)
## In the Alternative to Count I

57.     Mr. Brown adopts and incorporates paragraphs 1 - 51 as if fully stated herein.

58.     Clarity negligently violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Mr. Brown, as reasonable procedures would not have resulted in Clarity's inclusion of information concerning another individual into Mr. Brown's reports, or the inclusion of other false information, including a false date of birth, occupation, employer, bank account, and more.

59.     Clarity acted negligently and is thus liable to Mr. Brown, pursuant to 15 U.S.C. § 1681o, for Mr. Brown's actual damages, reasonable attorneys' fees, and costs.

60.     Clarity's policies could reasonably be foreseen to cause harm to Mr. Brown.

**WHEREFORE,** Mr. Brown respectfully requests this Honorable Court enter judgment in his favor, and against Clarity, for:

a.      Mr. Brown's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.      Such other relief that this Court deems just and proper.

### COUNT III
### DEFENDANT'S WILLFUL VIOLATIONS OF THE FCRA,
### 15 U.S.C. § 1681b(a)(3)

61.     Mr. Brown adopts and incorporates paragraphs 1 - 51 as if fully stated herein.

62.     Clarity willfully violated **15 U.S.C. § 1681b(a)(3)** when it furnished at least seven reports to seven different Tribal Lenders about Plaintiff in response to a request for a report on an unrelated individual with a different name, date of birth, and Social Security number.

63.     Clarity had no reason to believe it had permissible purpose to furnish this report as there are essentially no commonalities between the consumer whom the Tribal Lenders requested reports on and Plaintiff.

64.     Clarity knows, through complaints from other consumers, that its automated systems often provide data about unrelated consumers in response to requests for reports by lenders.

65.     Clarity is thus liable to Mr. Brown, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Brown's actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Brown respectfully requests this Honorable Court enter judgment in his favor, and against Clarity, for:

a.      The greater of Mr. Brown's actual damages or statutory damages of **$1,000** per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.      Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.      Such other relief that this Court deems just and proper

**COUNT IV**
**DEFENDANT'S NEGLIGENT VIOLATIONS OF THE FCRA,**
**15 U.S.C. § 1681b(a)(3)**
**In the Alternative to Count III**

66.      Mr. Brown adopts and incorporates paragraphs 1 - 51 as if fully stated herein.

67.      Clarity negligently violated **15 U.S.C. § 1681b(a)(3)** when it furnished at least seven reports to seven different Tribal Lenders about Plaintiff in response to a request for a report on an unrelated individual with a different name, date of birth, and Social Security number.

68.      Clarity had no reason to believe it had permissible purpose to furnish this report as there are essentially no commonalities between the consumer whom the Tribal Lenders requested reports on and Plaintiff.

69.     Clarity knows, through complaints from other consumers, that its automated systems often provide data about unrelated consumers in response to requests for reports by lenders.

70.     Clarity acted negligently and is thus liable to Mr. Brown pursuant to 15 U.S.C. § 1681o, for Mr. Brown's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Brown respectfully requests this Honorable Court enter judgment in his favor, and against Clarity, for:

e.     Mr. Brown's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

f.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

g.     Such other relief that this Court deems just and proper

## <u>JURY TRIAL DEMANDED</u>

Mr. Brown hereby demands a trial by jury on all issues so triable.

Respectfully submitted on  January 9, 2024, by:

**SERAPH LEGAL, P. A.**

/s/ *Christian E. Cok*
Christian E. Cok, Esq.
Florida Bar Number: 1032167
CCok@SeraphLegal.com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**<u>ATTACHED EXHIBIT LIST</u>**

A      Mr. Brown's Clarity Consumer Disclosure, December 15, 2023 – Excerpt
B      Mr. Brown's Clarity Credit Score, January 8, 2024